UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES MARUCA, | : | CIVIL NO. **3:06-CV-00689** |
| | : | |
| Plaintiff | : | (Judge Caputo) |
| | : | |
| v. | : | (Magistrate Judge Smyser) |
| | : | |
| DR. HYNICK, | : | |
| | : | |
| Defendant | : | |

**REPORT AND RECOMMENDATION**

On April 4, 2006, the plaintiff, a prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint. On May 1, 2006, the plaintiff filed an amended complaint.

The amended complaint named as defendants the Snyder County Prison and Dr. Hynick.

The plaintiff alleges that as a result of an assault by another prisoner he suffered a serious injury to his right arm and shoulder while he was incarcerated at the Snyder County Prison. He alleges that he saw defendant Hynick and that

defendant Hynick showed deliberate indifference to his medical needs by doing nothing more than giving him a tube of Ben-Gay and telling him that it was only a bruise which would go away. The plaintiff alleges that an X-Ray was taken but that he was not told of the results of the X-Ray.  He alleges that he should have been seen by an orthopedic doctor or that an MRI should have been done.  The plaintiff alleges that after he was transferred to the State Correctional Institution at Camp Hill he was diagnosed with a severe tear of his right bicep muscle.

By an Order dated August 2, 2006, all claims against the Snyder County Prison were dismissed.

On August 11, 2006, defendant Hynick filed a motion to dismiss the amended complaint and a brief in support of that motion.  On August 17, 2006, the plaintiff filed a document entitled "Motion."  We construe that document as the plaintiff's brief in opposition to the defendant's motion to dismiss the amended complaint.

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of the plaintiff's complaint; the court must decide whether, even if the plaintiff were able to prove all of his allegations, he would be unable to prevail. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). In connection with a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the burden is on the moving party to show that there is no actionable claim. *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir. 1980). When deciding a motion to dismiss, the court must accept all material allegations of the complaint as true and draw all inferences in the light most favorable to the plaintiff. *Pennsylvania House, Inc. v. Barrett*, 760 F. Supp. 439, 449 (M.D. Pa. 1991). However, "conclusory allegations of law, unsupported conclusions and unwarranted inferences need not be accepted as true." *Id*. at 449-50. A complaint should not be dismissed for failure to state a claim upon which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S.

3

41, 44-46 (1957); *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir. 1988).

The defendant contends that the plaintiff's 42 U.S.C. § 1983 claim should be dismissed because the plaintiff has not alleged that he exhausted administrative remedies.

> 42 U.S.C. § 1997e(a), provides:
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Pursuant to § 1997e(a), the exhaustion of available administrative remedies is mandatory. *Booth v. Churner*, 532 U.S. 731, 739 (2001). The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A prisoner must "exhaust all available administrative remedies" regardless of whether the

administrative process may provide the prisoner with the relief that he is seeking. *Nyhuis v. Reno*, 204 F.3d 65, 75 (3d Cir. 2000). "[C]ompliance with the administrative remedy scheme will be satisfactory if it is substantial." *Id.* at 77.

Failure to exhaust available administrative remedies is an affirmative defense. *Ray v. Kertes*, 285 F.3d 287 (3d Cir. 2002). As an affirmative defense, the failure to exhaust available administrative remedies must be pleaded and proven by the defendants. *Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002).

Since the failure to exhaust available administrative remedies is an affirmative defense that must be pleaded and proven by the defendant, it would not be appropriate to dismiss the amended complaint on the basis that the plaintiff failed to plead that he exhausted available administrative remedies.

We note that in his brief in opposition the plaintiff asserts that he did exhaust available administrative remedies.

Whether or not the plaintiff exhausted available administrative remedies is a question that can be addressed in connection with a summary judgment motion or at trial.[1]  The issue of whether or not the plaintiff exhausted available administrative remedies can not, however, be decided in connection with a motion to dismiss the amended complaint.  Accordingly, it will be recommended that the defendant's motion to dismiss the plaintiff's 42 U.S.C. § 1983 claim be denied.

The defendant contends that the plaintiff's negligence claim should be dismissed because the plaintiff failed to file a certificate of merit in support of his negligence claim as required by Pennsylvania law.

---

[1] The defendant points to the Pennsylvania Department of Corrections' administrative remedy system as the administrative remedies that the plaintiff should have exhausted. However, the defendant fails to explain on what basis the Pennsylvania Department of Corrections' administrative remedy system would have been available to the plaintiff to pursue an issue that arose at the Snyder County Jail.

Pennsylvania Rule of Civil Procedure 1042.3(a) provides:

> (a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either
> (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or
> (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or
> (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

Rule 1042.3 applies to civil actions "in which a professional liability claim is asserted against a licensed professional." Pa.R.Civ.P. 1042.1(a). Pursuant to Pa.R.Civ.P. 1042.6, if a certificate of merit is not filed as required by Pa.R.Civ.P. 1042.3 the prothonotary, on praecipe of the defendant, shall

enter a judgment of non pros again the plaintiff.  Rule 1042.3 was adopted by the Pennsylvania Supreme Court on January 27, 2003.

The certificate of merit requirement of Pa.R.Civ.P. 1042.3 applies in a case pleading a claim for medical malpractice, whether the case is filed in state or federal court. *See generally Chamberlain v. Giampapa*, 210 F.3d 154, 161 (3d Cir. 2000) (holding that New Jersey's affidavit of merit statute [which is similar to Pennsylvania's Rule 1042.3] is a substantive state law that must be applied by federal courts sitting in diversity).

The plaintiff has not filed a certificate of merit. Therefore, it will be recommended that the plaintiff's negligence claim be dismissed.

On June 12, 2006, the plaintiff filed a document entitled "Motion" in which is seeks relief in the amount of 1.75 million dollars.  On June 12, 2006, the plaintiff filed a

8

brief in support of that motion.  We construe the plaintiff's motion as a motion for summary judgment.

"'Summary judgment is proper if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law.'" *The Circle School v. Pappert*, 381 F.3d 172, 177 (3d Cir. 2004)(quoting *Pi Lambda Phi Fraternity, Inc. v. Univ. of Pittsburgh*, 229 F.3d 435, 441 n.3 (3d Cir. 2000)).

The plaintiff has not shown that there is no genuine issue of material fact in this case or that he is entitled to judgment as a matter of law.  Accordingly, it will be recommended that the plaintiff's motion be denied.

Based on the foregoing, it is recommended that the defendant's motion (doc. 29) to dismiss the amended complaint be granted in part and denied in part.  It is recommended that the motion to dismiss be granted as to the plaintiff's

9

negligence claim and that the plaintiff's negligence claim be dismissed on the basis that the plaintiff has not filed a certificate of merit.  It is recommended that the motion to dismiss be denied as to the plaintiff's 42 U.S.C. § 1983 claim and that the plaintiff's 42 U.S.C. § 1983 claim not be dismissed.   It is also recommended that the plaintiff's motion (doc. 19) for relief in the amount of 1.75 million dollars be denied.  Finally, it is recommended that the case be remanded to the undersigned for further proceedings.


                                                  ***/s/ J. Andrew Smyser***
                                                  J. Andrew Smyser
                                                  Magistrate Judge

Dated:  October 12, 2006.