**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JAMES MARUCA,

     Plaintiff,

         v.

DR. HYNICK,

     Defendant.

CIVIL ACTION NO. 3:06-CV-00689

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court are Magistrate Judge J. Andrew Smyser's Report and Recommendation (Doc. 37) and Plaintiff James Maruca's Motion for Reconsideration (Doc. 40).  The Court will construe Plaintiff's motion as an Objection to the Magistrate Judge's Report and Recommendation.  For the reasons set forth below, the Court will adopt the Magistrate Judge's Report and Recommendation and overrule Plaintiff's Objection.

## BACKGROUND

Plaintiff, proceeding *pro se*, is currently an inmate at the State Correctional Institution at Camp Hill ("SCI-Camp Hill"). (Doc. 37 at 2.)  Plaintiff commenced this 42 U.S.C. § 1983 action by filing a Complaint (Doc. 1) in this Court on April 4, 2006.  Plaintiff filed an Amended Complaint (Doc. 13) on May 1, 2006.  Plaintiff named as defendants the Snyder County Prison and Dr. Hynick. (Doc. 13 at 1.)  In his Amended Complaint, Plaintiff alleges that, as a result of an assault by another prisoner, he suffered a serious injury to his right arm and shoulder while he was incarcerated at the Snyder County

Prison. (*Id.*)  Plaintiff further alleges that he saw Dr. Hynick and that Hynick showed "deliberate indifference to [his] medical needs by doing nothing more [than] giv[ing] him a tube of Ben-Gay . . . [and] stating that it was only a bruise and would eventually go away." (Doc. 13 at 2.)  Plaintiff also states that an x-ray was taken but that he was never informed of the results. (Doc. 13 at 3.)  Plaintiff avers that he should have been seen by an orthopedist or that an MRI should have been performed. (*Id.*)  The Plaintiff alleges that, after he was transferred to SCI-Camp Hill, he was diagnosed with a severe tear of his right bicep. (Doc. 13 at 6.)

On June 12, 2006, Plaintiff filed a motion (Doc. 19) for relief in the amount of $1,750,000.  This motion was construed by the Magistrate Judge as a motion for summary judgment. (Doc. 37 at 8-9.)

By Order dated August 2, 2006, all claims against the Snyder County Prison were dismissed, leaving Dr. Hynick as the only remaining defendant in Plaintiff's action. (Doc. 37 at 2.)

On August 11, 2006, Dr. Hynick filed a Motion to Dismiss the Amended Complaint, as well as a Brief in Support of his motion. (Docs. 29, 31.)  On August 17, 2006, Plaintiff filed a document entitled "Motion." (Doc. 34.)  This document was construed by the Magistrate Judge as Plaintiff's Brief in Opposition to Dr. Hynick's Motion to Dismiss. (Doc. 37 at 2.)

On October 12, 2006, the Magistrate Judge filed his Report and Recommendation. (Doc. 37), recommending that Dr. Hynick's motion to dismiss be granted in part and denied in part. (Doc. 37 at 9.)  The Magistrate Judge recommended that Plaintiff's negligence claim be dismissed on the basis that Plaintiff had not filed a certificate of merit

2

as required in a medical malpractice case under Pennsylvania law. (Doc. 37 at 9-10); *see* PA. R. CIV. P. 1042.3(a).  The Magistrate Judge further recommended that Plaintiff's section 1983 claim not be dismissed, and that the case be remanded to him for further proceedings. (Doc. 37 at 10.)  The Magistrate Judge also denied Plaintiff's motion (Doc. 19) for relief in the amount of $1,750,000, which, as previously mentioned, the Magistrate Judge construed as a request for summary judgment. (*Id.*)

In response, on October 24, 2006, Plaintiff filed a Motion for Reconsideration (Doc. 40) which the Court will construe as an Objection to the Magistrate Judge's Report and Recommendation.

This matter is fully briefed and ripe for disposition.

## LEGAL STANDARD

When objections to a magistrate judge's report are filed, the Court must conduct a de novo review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(C)), provided the objections are timely and specific. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984).  In making its de novo review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993).  Although the review is de novo, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the

3

Court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7.  At the very

least, the Court should review uncontested portions of the report for clear error or

manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

## DISCUSSION

Plaintiff objects to the Magistrate Judge's recommendation that Plaintiff's claim for

negligence be dismissed for failure to file a certificate of merit, as required by

Pennsylvania law.  Under Pennsylvania Rule of Civil Procedure 1042.3(a),

> In any action based upon an allegation that a licensed
> professional deviated from an acceptable professional
> standard, the attorney for the plaintiff, or the plaintiff if not
> represented, shall file with the complaint or within sixty days
> after the filing of the complaint, a certificate of merit signed by
> the attorney or party that either (1) an appropriate licensed
> professional has supplied a written statement that there exists
> a reasonable probability that the care, skill or knowledge
> exercised or exhibited in the treatment, practice or work that is
> the subject of the complaint, fell outside acceptable
> professional standards and that such conduct was a cause in
> bringing about the harm, or (2) the claim that the defendant
> deviated from an acceptable professional standard is based
> solely on allegations that other licensed professionals for
> whom this defendant is responsible deviated from an
> acceptable professional standard, or (3) expert testimony of
> an appropriate licensed professional is unnecessary for
> prosecution of the claim.

PA. R. CIV. P. 1042.3(a).  If a certificate of merit is not filed as required under Rule

1042.3(a), a judgment of non pros is entered against the plaintiff. PA. R. CIV. P. 1042.6.

Plaintiff argues that he should be excused from filing a certificate of merit because

he was unaware of the need and time period in which to file such a certificate, as well as

because of the fact that he is proceeding as a *pro se* litigant.

The Court is not persuaded by Plaintiff's contentions.  Plaintiff cites no case law

4

excusing the filing of a certificate of merit.  Indeed, such precedent would completely contradict the purpose of the statute, which is to prevent frivolous law suits against professionals.  Moreover, the language of Rule 1042.3(a) – i.e., "or the plaintiff if not represented . . . shall file . . . a certificate of merit" – expressly requires that a *pro se* plaintiff must file a certificate of merit.  As such, Plaintiff's argument for leniency because, first, he was unaware of the need to file a certificate of merit in a timely fashion, and, second, he is proceeding *pro se,* is rejected.  Additionally, the Court notes that it has been nearly ten (10) months since Plaintiff filed his Amended Complaint and he has, as yet, failed to file a certificate of merit.  Accordingly, the Court will overrule Plaintiff's objections.

## CONCLUSION

For the above stated reasons, the Court will overrule Plaintiff's Objections and, instead, adopt the Report and Recommendation of the Magistrate Judge.

 February 27, 2007                                            /s/ A. Richard Caputo
Date                                                          A. Richard Caputo
                                                             United States District Judge

5

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JAMES MARUCA,

      Plaintiff,

          v.

DR. HYNICK,

      Defendant.

CIVIL ACTION NO. 3:06-CV-00689

(JUDGE CAPUTO)

<u>**ORDER**</u>

    **NOW**, this ___27th___ day of February, 2007, upon review of Magistrate Judge J. Andrew Smyser's Report and Recommendation (Doc. 37), **IT IS HEREBY ORDERED THAT**:

    (1)    The Report and Recommendation is **ADOPTED**.

    (2)    Plaintiff's Objection (Doc. 40) is **OVERRULED**.

    (3)    Plaintiff's negligence claim is **DISMISSED**.

    (4)    The case is **REMANDED** to Magistrate Judge J. Andrew Smyser for further proceedings.

                    /s/ A. Richard Caputo
                   A. Richard Caputo
                   United States District Judge